UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

| | |
|---|---|
| JONATHAN KANFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WELLCARE OF FLORIDA, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant, WellCare of Florida, Inc. ("Defendant" or "WellCare")[1] by its undersigned attorneys and pursuant to Federal Rule 72(a) and Magistrate Judge Rule 4(a) of the Local Rules of the United States District Court for the Southern District of Florida, respectfully objects to the Magistrate Judge's Report and Recommendation dated March 6, 2010.   Specifically, Defendant respectfully suggests that for the following reasons, the Magistrate Judge's recommendation to grant Plaintiff's Motion to Remand was erroneous.

## I.   INTRODUCTION

The U.S. Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 545 U.S. 308, 312 (2005), addressed in depth the type of federal question jurisdiction warranting removal in the instant case and acknowledged the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial

---

[1]   On February 16, 2010, the parties filed a Joint Motion to Substitute Proper Party Defendant (Document 25) agreeing that the proper defendant in this action is Comprehensive Health Management, Inc. ("CHMI")  and seeking to substitute CHMI for WellCare.

questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." The *Grable* Court established the following test to determine whether federal question jurisdiction arises in a case that is premised on a state-law cause of action:  "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. WellCare respectfully submits that the Magistrate Judge erred in finding that the issues raised by Plaintiff's Complaint do not bring this case into the special category described by *Grable* and its progeny.

## II.    SPECIFIC OBJECTIONS

### A.    The Magistrate Judge Erred In Finding That This Case Does Not Necessarily Involve An Issue Of Federal Law, Actually Disputed

As an essential element of his Florida Whistle-Blower Act claim, Plaintiff must prove an actual violation of law.  § 448.102(3), Fla. Stat.; *White v. Purdue Pharma, Inc.,* 369 F. Supp. 2d 1335, 1337 (M.D. Fla. 2005); *see also Branche v. Airtran Airways, Inc.*, 2005 WL 1051097 (M.D. Fla. 2005) ("It has been brought to this Court's attention that there are several Florida cases, in addition to the plain language of the statute itself, that require a holding that there must be an actual violation of a law, rule or regulation by the employer before the Plaintiff can sustain a claim under § 448.102(3).") (emphasis added).[2]   WellCare respectfully submits that the

---

[2]   "Florida courts, including the Florida Supreme Court, have spoken on the standard of proof required under the Florida Whistle-Blower Act to establish that a plaintiff was engaged in statutorily protected activity. The Florida Supreme Court has stated that the private sector Whistle-Blower's Act prohibits private sector employers from retaliating against 'employees who blow the whistle on employers who violate the law or against employees who refuse to participate in violations of the law.'" *White v. Purdue Pharma, Inc.,* 369 F. Supp. 2d 1335, 1337 (M.D. Fla. 2005) (quoting *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422, 423 (Fla. 1994)) (emphasis added).

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

Magistrate Judge erred by failing to find that the correct construction of the Florida Whistle-Blower Act requires proof of an actual violation of law.

An essential element of Plaintiff's retaliation claim requires him to prove that WellCare was actually in violation of federal regulations governing Medicare and, in particular, the federal regulations that govern the marketing activities of private companies that offer Medicare Advantage and Prescription Drug Plans to Medicare beneficiaries.[3]  On the face of his Complaint, Plaintiff's retaliation claim necessarily raises a stated federal issue: was he instructed to engage in conduct that violated those federal regulations?

WellCare submits that the Magistrate Judge also erred in finding that there is no actually disputed issue of federal law.  Plaintiff has accused WellCare of violating federal Medicare regulations governing marketing activities of private companies that offer Medicare Advantage and Prescription Drug Plans.  WellCare denies engaging in any such violation and asserts that soliciting former WellCare plan customers who still remain WellCare clients for other purposes does not contravene federal regulations.  Plaintiff, however, has declined to specifically identify whether the violation he alleges involves soliciting former WellCare plan customers with no present connection to WellCare, or soliciting former WellCare plan customers who still remain WellCare clients for other purposes.

---

[3]   As discussed in subsection II.B. below, given the uniquely federal Medicare system and the complex regulations and rules that govern the marketing of Medicare Advantage plans ("MA") and prescription drug plans ("PDP") by private managed care organizations to Medicare beneficiaries, Plaintiff's Complaint clearly raises a substantial federal question sufficient to vest this court with proper subject matter jurisdiction.  As stated in the Congressional committee conference report, "the MA program is a federal program operated under Federal rules. State laws, do not, and should not apply, with the exception of state licensing laws or state laws related to plan solvency."  H.R. Conf. Rep. 108-391 at 557 (2003) (emphasis added).

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

The distinction is critical, yet the Magistrate Judge permitted Plaintiff's counsel to hedge on what unlawful act Plaintiff alleges WellCare actually engaged in, and then found that either scenario "would fail to present a federal issue of law that was actually disputed."[4]  WellCare respectfully disagrees.  It is irrelevant whether Plaintiff's counsel agrees that the federal regulations governing contacts with former WellCare plan customers who remained WellCare customers for other purposes "were not entirely clear at the relevant time."  What is relevant is whether Plaintiff is actually alleging that the violation occurred because WellCare solicited former WellCare plan customers who remained WellCare customers for other purposes.  If that is ultimately Plaintiff's allegation, the federal issue is actually disputed because WellCare maintains that such activity was not a violation, and in order to prevail on his Florida Whistle-Blower claim, Plaintiff must prove that such activity <u>was</u> a violation.

**B.    <u>WellCare Objects To The Finding That The Federal Issue Involved Is Not Substantial</u>**

Further, WellCare respectfully maintains that the Magistrate Judge's determination that the instant case is more analogous to *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1298-99 (11th Cir. 2008) (and thus subject to remand) than *Grable* is erroneous. Like in *Grable* as well as *Ayers v. General Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000), the instant case involves a substantial issue of federal law. WellCare respectfully maintains that Plaintiff has no cause of action under the  Florida Whistle-Blower Act if he cannot show that WellCare violated

---

[4]    First, with respect to former customers who did not remain WellCare customers, the Magistrate Judge noted, "<u>If</u> in fact, this is what Kanfer is asserting, any issue of law raised is not disputed as the parties agree that federal law prohibited WellCare from knowingly cold-calling for solicitation purposes its former customers who did not remain customers of WellCare in at least some capacity." (Emphasis added).  Second, when Plaintiff's counsel demurred somewhat on whether that was Plaintiff's actual allegation, the Magistrate Judge noted: "If . . . WellCare directed Kanfer to contact only those former WellCare plan customers who remained clients of WellCare for some purposes, at the hearing, <u>Kanfer did not indicate any disagreement with WellCare that the federal regulations governing such contacts were not entirely clear at the relevant time.</u>"

the federal Medicare regulations governing marketing and solicitation of customers.

Further, the federal government has a strong interest in the interpretation of the Medicare regulatory framework. Legislative history makes clear Congress's views regarding the federal nature of the Medicare program: "the MA program is a <u>federal</u> program operated under <u>Federal</u> rules. State laws, do not, and should not apply, with the exception of state licensing laws or state laws related to plan solvency."  H.R. Conf. Rep. 108-391 at 557 (2003) (emphasis added). Finally, the role of overseeing compliance with the laws, rules, and regulations governing Medicare is reserved to federal agencies HHS and CMS.  *See generally* 42 U.S.C. § 1395w-22(g)(5) and 42 C.F.R. §§ 422.752 and 423.752.  For these reasons, the federal issue in dispute is a substantial one, sufficient to confer subject matter jurisdiction and to "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers."  *Grable*, 545 U.S. at 312.

### C.    <u>The Magistrate Judge Erred In Finding That The Balance of Federal And State Judicial Responsibilities Does Not Support Removal</u>

Finally, WellCare respectfully disagrees with the Magistrate Judge's reliance on *Adventure Outdoors* and finding that the "congressionally approved balance of federal and state judicial responsibilities" requires remand.  In the instant case, the following facts support the conclusion that the exercise of jurisdiction in this case will not disturb the federal-state division of labor.

First, unlike defamation (the allegation in *Adventure Outdoors*), which is purely a state law claim, Plaintiff has alleged retaliation. Federal courts are uniquely suited to handle retaliation cases given the federal bench's experience with retaliation claims under, among other

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

federal statutes, Title VII of the Civil Rights Act, the Sarbanes Oxley Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and the Occupational Safety and Health Act.

Second, as noted above, Medicare is a uniquely federal statute, and the federal government has a strong interest in the interpretation of its Medicare regulatory framework. This should be viewed as evidence that Congress intended any interpretation of these federal laws, rules and regulations to be a federal matter and why "there is no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of the state-law [ ] claim." *Grable*, 545 U.S. at 319-320.

## CONCLUSION

Plaintiff's claim under the Florida Whistle-Blower Act alleging a violation of the rules and regulations governing Medicare marketing necessarily raises a stated federal issue, actually disputed and substantial, which this federal court may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

WHEREFORE, for the foregoing reasons, Defendant, WellCare of Florida, Inc., requests that this Court decline to adopt the Magistrate Judge's Report and Recommendation, sustain Defendant's objections, and deny Plaintiff's Motion to Remand.


[signature page follows]

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

Dated:  March 22, 2010
Miami, Florida

Respectfully submitted,

s/Thomas Mead Santoro
Thomas Mead Santoro, Esq.
santorot@jacksonlewis.com
Florida Bar No. 829722
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 3500
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466

Emmett F. McGee, Jr., Esq. (admitted *pro hac vice*)
emmett.mcgee@jacksonlewis.com
Paul Mallos, Esq. (admitted *pro hac vice*)
paul.mallos@jacksonlewis.com
JACKSON LEWIS LLP
2800 Quarry Lake Drive
Suite 200
Baltimore, Maryland 21209
Telephone: (410) 415-2000
Facsimile:  (410) 415-2001
Attorneys for Defendant

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of March, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/Thomas Mead Santoro</u>
Thomas Mead Santoro, Esq.

Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM

**SERVICE LIST**
**JONATHAN KANFER V. WELLCARE OF FLORIDA, INC.**

**Case No.:  09-CIV-81587-ZLOCH/ROSENBAUM**

Arthur Schofield, Esquire
Florida Bar No.:  984434
schofieldart@aol.com
Arthur T. Schofield, P.A.
Via Jardin
330 Clematis Street
Suite 207
West Palm Beach, Florida 33401
Telephone: (561) 655-4211
Facsimile:  (561) 655-5447
Attorney for Plaintiff
Served via CM/ECF

Thomas Mead Santoro, Esq.
Florida Bar No.: 829722
santorot@jacksonlewis.com
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 35000
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile:  (305) 373-4466

Emmett F. McGee, Jr., Esq. (admitted *pro hac vice*)
emmett.mcgee@jacksonlewis.com
Paul Mallos, Esq. (admitted *pro hac vice*)
paul.mallos@jacksonlewis.com
JACKSON LEWIS LLP
2800 Quarry Lake Drive
Suite 200
Baltimore, Maryland 21209
Telephone: (410) 415-2000
Facsimile:  (410) 415-2001
Attorneys for Defendant